## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MATTHEW GISSEN

     Plaintiff,

v.


VILLAGE SOUTH, INC.
PROFIT SHARING PLAN;
THE VILLAGE SOUTH, INC., in its capacity
as Plan Administrator of VILLAGE SOUTH, INC.
PROFIT SHARING PLAN; RICHARD E.
STEINBERG, PETER VENTRELLA, and
AURELIO F. MORRELL, individually and jointly
in their respective capacities as Co-Trustees of
VILLAGE SOUTH, INC. PROFIT SHARING PLAN

     Defendants.

_____/

## COMPLAINT

     Plaintiff, Matthew Gissen ("Gissen"), sues Defendants The Village South, Inc. Profit Sharing Plan ("the Plan"); The Village South, Inc. ("The Village") in its capacity as Plan Administrator of the Plan; Richard E. Steinberg ("Steinberg") in his capacity as Trustee of the Plan; Peter Ventrella ("Ventrella") in his capacity as Trustee of the Plan; and, and Aurelio F. Morrell ("Morrell") in his capacity as Trustee of the Plan (collectively "Trustees"), alleges as follows:

CASE NO. _____

## **NATURE OF THE ACTION, PARTIES, JURISDICTION AND VENUE**

1.     This is an action arising under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974, Title 29, United States Code, Sections 1000-1461 ("*ERISA*"), over which this Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

2.     At all times material to this action, Plaintiff was a citizen and resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

3.     At all material times, Defendant the Plan was an employee pension benefit plan within the meaning of §3(2)(A) of the Employee Retirement Income Security Act of 1974 ("*ERISA*")[1], U.S.C. §1001, et. seq., with a current principal business address of 3050 Biscayne Boulevard, Suite 900, Miami, FL 33137.

4.     At all material times, Defendant The Village was a non-profit corporation organized under the laws of the State of Florida, with a principal business in Miami-Dade County, Florida.

5.     At all material times, Defendant The Village was the Plan Administrator of the Plan within the meaning of *ERISA* §3(16)(A).

6.     At all material times, Defendant Steinberg was a citizen of the State of Nevada and maintained his principal address as Trustee of the Plan in Miami-Dade County, Florida.

7.     Steinberg is the President of the Village and on the Village's Board of Directors, and is otherwise subject to the jurisdiction of this state due to his position as director and/or officer for six (6) other Florida corporations.

---

[1] All references to the "Code" within this Complaint are to the Internal Revenue Code of 1986, as amended. All references to "*ERISA*" within this Complaint are to Title I of the Employee Retirement Income Security Act of 1974, as amended.

2

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

8.     At all material times, Defendant Ventrella was a citizen of the State of Nevada and maintained his principal address as Trustee of the Plan in Miami-Dade County, Florida.

9.     At all material times, Ventrella was an officer and/ or director of WestCare Florida, Inc., a Florida corporation and parent corporation to the Village. Ventrella is otherwise subject to the jurisdiction of this state due to his current position as director and/or office for at least one other Florida corporation.

10.    At all material times, Defendant Morrell was a citizen of the State of Florida and maintained his principal address as Trustee of the Plan in Miami-Dade County, Florida.

11.    The Trustees engaged in substantial activity within Florida and Miami-Dade County and have committed intentionally tortious acts within the State.

12.    Venue is proper in the Southern District of Florida pursuant to 29 U.S.C. § 1132(e)(2) and Title 28, United States Code, Section 1391 because Defendants the Plan, The Village, and the Trustees are subject to personal jurisdiction in this judicial district and their respective principal places of business are in this district and various events or omissions giving rise to this suit occurred in this judicial district.

## GENERAL ALLEGATIONS

### The Plan

13.    At all material times, the Plan was intended to be a defined contribution plan qualified as to form under 26 U.S.C. § 401(a).

14.    At all material times, the Plan was a "profit-sharing" plan whereby The Village, as the employer-sponsor, at its discretion made contributions to the Plan for the benefit of its employees based on a fixed formula for determining the allocation of contributions.

3

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

15.    The Plan Administrator of the Plan maintained an individual account for each participant with the Trustees' investing the trust fund in a pooled fund of investments. The accounts of participants were subject to vesting requirements as permitted under 26 U.S.C. § 411. The Plan maintained its records on a fiscal year basis ending every June 30.

16.    The Plan, like every qualified plan, operates under a written document which generally "controls" the administration of the plan, arranges for a trust fund to hold the plan's assets and ensures that proper procedures are in place to provide the requisite disclosures, notices and other information to plan participants as required by law, including the laws governing qualified plans and employee pension benefit plans, namely the Code and *ERISA*.

17.    The original effective date of the Plan was July 1, 1983.

18.    On June 30, 1995, The Village adopted a restatement (the "1989 Plan") of its original Plan with a restated effective date of July 1, 1989. *See* 1989 Plan Adoption Agreement and basic plan document, attached hereto as Exhibit A.  On or about September 30, 2003, The Village adopted a restatement (the "2003 Plan") of the 1989 Plan in the form of the EJ Reynolds, Inc. Prototype Non-standardized Profit Sharing Plan and Basic Plan Document #01. *See* 2003 Plan Adoption Agreement and Basic Plan Document attached hereto as Composite Exhibit B.

### Gissen's Employment

19.    The Village is a substance abuse treatment facility located in Miami-Dade County, Florida.

20.    Gissen began employment with The Village in 1973 and remained employed until he formally terminated his employment with The Village on July 2, 2004.

21.    At the time of Gissen's separation from employment with The Village on July 2, 2004, he had actively participated in the Plan for over twenty (20) years.

4

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

22.     Upon termination of his employment with The Village, Gissen was entitled to receive a separation from service Notice explaining his distribution rights and financial information. Gissen should have received this Notice during the first 90 days of the plan year beginning July 1, 2005. The Plan's obligation to provide this Notice arose under the 1989 Plan document and continued as a "protected benefit" under the 2003 Plan document.

23.     On July 11, 2005, a year following the formal termination of his employment at The Village, Gissen attained normal retirement age under the Plan at 65.

24.     At that time, Gissen had a claim to an accrued benefit (i.e. an account balance) under the Plan of $593,708.16.

25.     Upon reaching age 65, Gissen was entitled to Notice from the Plan which notice set forth his election rights and specific financial information. Gissen should have received this Notice during the first 60 days of the plan year beginning July 1, 2006.

26.     Gissen did not receive any form of Notice in this respect.

27.     The Plan's obligation to provide this "Normal Retirement Age" Notice arose under the 1989 Plan document and continued as a "protected benefit" under the 2003 Plan document and under *ERISA* §206(a).

28.     Because the Plan failed to provide Gissen with either of these requisite notice(s) and financial information, Gissen's account remained in the Plan up to and including the plan year 2009.

**The Plan Distribution**

29.     In a series of e-mails dated November 24 through 26, 2008, Trustees Steinberg, Ventrella and Morrell solicited advice from EJ Reynolds, Inc. ("EJR"), the third-party administrator ("TPA") of the Plan, regarding the Trustees' responsibilities as *ERISA* fiduciaries

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

with respect to the timing of Plan distributions requested by certain former employees of The Village. The communications indicate that the Trustees were concerned about continued decline in the trust fund portfolio and the valuation effects of the Plan's single valuation date. See emails dated November 24, 25 and 26, 2008, attached hereto as Composite Exhibit C.

30.     Specifically, the Trustees acknowledged that the 2003 Plan would require the Trustees to value the requested distribution amounts for the former employees as of the *annual valuation date* immediately preceding the date of distribution. For distributions made during the plan year ending June 30, 2009, this date was June 30, 2008.

31.     EJR, the Plan's TPA, undertook to advise the Trustees regarding their fiduciary obligations.   EJR advised the Trustees that, notwithstanding the terms of the 2003 Plan document, the Trustees could elect to postpone distributions requested by former employees during the first six months of the 2008/2009 plan year until after December 2008 when a "new" amended Plan document would be in place which would provide for quarterly valuation dates commencing retroactively as of July 1, 2008.

32.     In a November 26, 2008 e-mail, EJR, without discretionary authority and knowingly exceeding its administrative duties and the plain language of the then existing 2003 Plan document, advised the Trustees that:

> [A]s fiduciaries of the plan, you have made a decision to suspend distributions until Dec [sic] 2008 based on the good of ALL participants, and not just a select few. In this instance we believe your responsibility as fiduciary trumps the document's language. Hopefully in the future, we will be able to follow the language of the document.

33.     Gissen was not aware of EJR's advice to the Trustees nor of the above email exchanges between EJR and the Trustees for nearly three (3) years, or until August 29, 2011, when the Plan provided him with a copy of the Administrative Record ("AR") relating to his Formal Claim for Benefits described, *infra*.

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

34.   By letter dated December 29, 2008, Gissen made a request for complete distribution of his account balance under the Plan and an explanation of his distribution options. *See* Gissen's December 29, 2008 letter, attached hereto as Exhibit D.

35.   By letters dated January 8, 2009, January 9, 2009, and January 14, 2009, Gissen wrote both to the Trustees and Plan Administrator seeking additional information about the plan year ending June 30, 2008, specifically asking for a copy of the updated "Summary Plan Description, a Summary of the Plan's Annual Financial Report, and any other requirements to be sent to Participants under '*ERISA*' Regulations." *See* January 8, 9 and 14 letters, attached hereto as Composite Exhibit E.

36.   On or about January 10, 2009, Gissen received a letter dated January 7, 2009, from Morrell, in his capacity as Co-Trustee, advising Gissen that The Village would mail out his Participant Account Summary as of June 30, 2008, as soon as the accountant completed "an audit of the books of the plan." Morrell further stated, "we can commence processing your request" as soon as we mail the Participant Account summaries.

37.   Morrell's January 7, 2009 letter misled Gissen because it made the representations above but failed to inform him of EJR's advice to the Trustees in November 2008 regarding the proposed change to the annual valuation date. Morrell also failed to provide the explanation regarding Gissen's distribution options, as requested by Gissen. *See* January 7, 2009 letter, attached hereto as Exhibit F.

38.   On or about January 15, 2009, Ventrella received a letter dated January 15, 2009, from Michael K. Levy ("Levy"), a Las Vegas actuary and attorney, which stated in part—"Also, the new amended Plan as of July 1, 2008, supersedes the old Plan, and if a participant requested a distribution after its adoption, the new rules which I previously covered would apply." Levy

7

197338_1

Ver Ploeg & Lumpkin, P.A., 100 S.E. Second Street, Thirtieth Floor, Miami, Florida 33131   Phone (305) 577-3996   Fax (305) 577-3558

CASE NO. _____

also stated he hoped "this second letter covers the issue for your [sic] and your Board to make the proper decision." Levy also commented "I think a prior plan fiduciary would be hard pressed to win a case where the trustees were applying plan losses of the Plan fairly and uniformly against all plan participants." *See* January 15, 2009 letter, attached hereto as Exhibit G.

39.     On January 19, 2009, The Village, through its authorized representative Morrell, improperly and invalidly acknowledged receipt of Gissen's Request for Distribution of Plan Benefits Form ("the Distribution Request"). *See* Distribution Request, attached hereto as Exhibit H.

40.     Upon information and belief, The Village did not timely provide all information required by Code § 417 to Gissen as stated under Part 8 of the Distribution Request nor timely provide to Gissen's spouse (Valera Jackson) a written explanation of the "financial effect of the election not to receive benefits in the form of the J&S" as described in Part 9 of the Distribution Request. The Distribution Request Form The Village provided to Gissen in January 2009 for his signature did not advise him he would receive a distribution amount other than his account balance as of June 30, 2008 ($766,689.71).

41.     Five days after acknowledging Gissen's Distribution Request, The Westcare Village South Board of Directors ("Board"), on January 24, 2009, met in Las Vegas, Nevada in order to discuss, in part, the adoption of a proposed restated plan document.  The proposed restated plan document showed a proposed effective date of July 1, 2008, and a change from the required annual valuation date of June 30 to quarterly valuation dates.

42.     EJR had drafted this proposed restated Plan document and had provided it to the Trustees during late November 2008. *See* January 24, 2009 Board Minutes, attached hereto as Exhibit I; Unexecuted Adoption Agreement to the proposed 2008 Plan document, attached

8

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131  PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

hereto as Exhibit J.

43.    The Trustees in turn presented the proposed restated Plan document dated July 1, 2008, to the Board for its approval on January 24, 2009.

44.    The Board elected not to adopt the proposed Plan document as drafted by EJR.

45.    The Board instead approved a resolution to prepare a "new" document that announces the Plan has been amended to include quarterly valuation date provisions to apply, going forward, not retroactively. *See* Exhibit I.

46.    Upon information and belief, the Board, in approving the future implementation of stated quarterly valuation dates, wished to avoid a potential violation of the anti-cutback rule of *ERISA* §204(g)(1).

47.    Upon information and belief, Levy did not update his January 15, 2009, opinion letter to include the January 24, 2009 directive of the Board, *supra*, or to address the issue of potential violation of the anti-cutback rule of *ERISA* §204(g)(1). The opinion letter also failed to address the then-recent US Supreme Court's decision relating to the "plan document" rule. *See Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 555 U.S. 285 (2009).

48.    Immediately after the above Board meeting, The Trustees conducted their own meeting in Las Vegas to discuss what action the Trustees should take in light of the Board's directive. *See* January 24, 2009 Trustee Minutes, attached hereto as Exhibit K.

49.    As reflected in their minutes, the Trustees expressed concern regarding the current decrease in the value of the trust fund of the Plan and acknowledged that under the then-current 2003 Plan document, distributions made during the plan year ending June 30, 2009, would be valued as of the June 30, 2008 plan valuation date.

50.    At their meeting, the Trustees were "unable to conclude what course of action to

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

pursue * * *" and thought it best to retain legal counsel to file a declaratory judgment action for court direction on how to proceed. *See* Exhibit K.

51.     Upon information and belief, and with admitted knowledge that the current 2003 Plan document required that distributions made during the plan year ending June 30, 2009, be valued as of the June 30, 2008 plan valuation date, the Trustees never filed a declaratory judgment petition regarding "how to proceed."

52.     On January 28, 2009, Gissen met with Morrell at The Village offices. Morrell and Gissen discussed Gissen's Distribution Request Form, the status of the existing 2003 Plan document and Gissen's concern that he was still listed as the Plan Administrator on the effective 2004 Summary Plan Description ("2004 SPD") and as a Co-Trustee of the Plan despite the fact that Gissen had resigned in 2004 any and all fiduciary positions under the 2003 Plan.

53.     On January 28, 2009, Gissen hand-delivered a letter ("January 28 Letter") to the Trustees and Plan Administrator asking for responses to questions regarding the amount of his distribution and whether there was an option to receive securities as the payout as well as a copy of the "Special Tax Notice" that The Village should have already sent to him, his spouse Valera Jackson and to Nancy Grizzle. *See* January 28 Letter, attached hereto as Exhibit L.

54.     In the January 28 Letter, Gissen also asked if "there have been any changes or Amendments to the Plan" and, if there were amendments, to provide him "with copies of any such Amendments" or to be advised "that no such Changes/Amendments have been made since December 15, 2003." Last, Gissen asked for a copy of the updated Summary Plan Description published after December 15, 2003 through the current date. *Id.*

55.     Neither the Trustees nor the Plan Administrator responded fully to the January 28 Letter or made any disclosures to Gissen regarding any changes/amendments to the Plan. *Id.*

10

197338_1

Ver Ploeg & Lumpkin, P.A., 100 S.E. Second Street, Thirtieth Floor, Miami, Florida 33131   Phone (305) 577-3996   Fax (305) 577-3558

56.     On March 11, 2009, Gissen instead received by regular mail a one-page Memo dated February 27, 2009 ("**MEMO**"), from the Trustees of The Village Plan.

57.     The **MEMO** informed current Plan participants that "[t]he trustees and the Plan Sponsor have decided . . . it is necessary to amend the language of the plan in order to allow for quarterly valuations." *See* **MEMO**, attached hereto as Exhibit M.

58.     Upon information and belief, the **MEMO** confirmed the Trustees' opinion as expressed in the Trustees' January 24, 2009 Minutes, *supra*, that the only means of providing for a valuation date in addition to the annual June 30 valuation date as elected in the 2003 Plan's Adoption Agreement was by formal amendment to the 2003 Plan. Upon information and belief, the Plan Sponsor has not to the date of this Complaint formally adopted such an amendment.

59.     The Trustees included with their **MEMO** mailing a copy of a new 2009 summary plan description ("2009 SPD") showing an effective date of January 24, 2009. *See* 2009 SPD, attached hereto as Exhibit N.

60.     Upon information and belief, the only amendment to the Plan existing on February 27, 2009, was the Draft 2008 Plan document, the provisions of which the Board had rejected on January 24, 2009. Accordingly, the 2009 SPD which accompanied the **MEMO** was a Plan instrument intended to complement a future amendment to the Plan.

61.     The Village's publication of the 2009 SPD in March 2009 was "premature."

62.     In enclosing the 2009 SPD with the **MEMO**, The Village misled Gissen and other Plan participants because The Village distributed the 2009 SPD to the Plan participants more than three months prior to the June 15, 2009 "signed" date of the proposed 2009 Plan document, a partial copy of which Gissen did not receive in "signed" form until November 10, 2009.

63.     In fact, Gissen was not informed of the January 24, 2009, Board resolution nor of

11

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

the Trustees' January 24, 2009, meeting until August 29, 2011, when the Plan provided him with a copy of the AR relating to his Formal Claim for Benefits described, *infra*.

64.    When Gissen received the **MEMO** by mail on March 11, 2009, the **MEMO** could only be effective as providing the required notice and disclosure of a future amendment to the existing Plan which would implement stated quarterly valuation dates after January 24, 2009.

65.    On June 3, 2009, Morrell, in his capacity as a Trustee, signed a one-page Distribution Instructions Form relating to the distribution of Gissen's improperly valued account balance under the Plan.

66.    EJR's preparation date of the Form was May 18, 2009. A copy of Distribution Instructions Form is attached hereto as Exhibit O.

67.    The June 3, 2009, signature date of the one-page Distribution Instructions Form was twelve days prior to the purported "signed" date of the proposed 2009 Amendment to the 2003 Plan.

68.    By e-mail dated May 29, 2009 ("May 29 E-mail") and follow-up e-mail dated June 5, 2009, Gissen directed the Trustees not to distribute his account balance unless it was based on the June 30, 2008 valuation, which equaled $766,689.71. *See* May 29, 2009 and June 5, 2009 e-mails, attached hereto as Composite Exhibit P.  The May 29 E-mail also was a written request for copies of the amendments to the Plan and for a copy of the Minutes upon which the Trustees relied in making the purported amendments.

69.    Contrary to Gissen's request, by e-mail dated June 5, 2009, Morrell, as Trustee, advised Gissen his "funds had been processed and the check mailed to the roll-over address." The June 5 e-mail did not include the amount of the check.  A copy of Morrell's June 5, 2009 e-mail is attached hereto as Exhibit Q.

Ver Ploeg & Lumpkin, P.A., 100 S.E. Second Street, Thirtieth Floor, Miami, Florida 33131   Phone (305) 577-3996   Fax (305) 577-3558

CASE NO. _____

70.     By several e-mails dated June 5, 2009, Gissen told the Trustees they had disregarded his express instructions not to transfer any funds from his account until there was resolution of the proper amount to be transferred and asked to be advised of the actual amount of his rollover distribution.

71.     On June 9, 2009, Morrell responded by e-mail. Morrell first acknowledged that Gissen had requested that his funds remain in the Plan if the amount of his rollover distribution is less than Gissen's June 30, 2008, account balance ($766,689.71). Morrell nonetheless informed Gissen that a "check has been issued in the amount of $466,066.65 . . . in accordance with the instruction in your January 19, 2009, Request for Distribution" which did not list an actual dollar distribution amount. In contradiction to his June 5 e-mail, Morrell's June 9 e-mail indicated "your distribution will be forwarded under separate cover."

72.     Upon information and belief, the Trustees could have honored Gissen's request to postpone his distribution.

73.     Morrell's June 9 e-mail continued, in part, "You did not attempt to rescind your Request for Distribution for more than two months." Upon information and belief, "the two-month rule" Morrell imposed "as a condition to postponement" in his June 9 e-mail to Gissen does not exist in any Plan document, in any summary plan description published by The Village, or in any communication from the Plan to Plan participants.

74.     Gissen had no notice of the retroactively reduced payout amount until his receipt of Morrell's e-mail dated June 9, 2009.

75.     Morrell "signed" his e-mail as Regional Controller, WestCare South Florida operations, not as Trustee of the Plan. A copy of Morrell's June 9, 2009 is attached hereto as Exhibit R.

13

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

76.     By letter dated June 18, 2009 ("June 18 Letter"), Morrell, this time in his purported capacity as Plan Administrator, incorrectly characterized Gissen's May 29 E-mail as a claim for benefits. *See* June 18 Letter, attached hereto as Exhibit S.

77.     The June 18 Letter also included a compact disc ("June 18 Disk") with copies of various documents and financial information relating to the Plan. *Id.* The June 18 Disk included a copy of the 2004 SPD approved during the plan year ending June 30, 2004, and the SPD ("2005 SPD") approved during the plan year ending June 30, 2005. *See* 2004 SPD, attached hereto as Exhibit T; 2005 SPD, attached hereto as Exhibit U.  Both the 2004 SPD and the 2005 SPD described the single June 30 annual valuation date.

78.     Gissen's receipt of the June 18 Disk marked the first time he received the 2005 SPD, even though three years had passed since the latest "participant disclosure" date prescribed by *ERISA* §104(b)(1).

79.     Also included in the June 18 Disk was the 2005 Summary of Material Modification ("2005 SMM"), which was, upon information and belief, published during the plan year ending June 30, 2005. Gissen received the 2005 SMM more than three years after the latest "participant disclosure" date prescribed by *ERISA* §104(b)(1).

80.     The June 18 Disk also included a copy of an incomplete 21-page Adoption Agreement for the Plan showing an Effective Date of January 24, 2009 ("Unexecuted 2009 Plan"). Steinberg, the President of The Village, had not executed this copy of the Adoption Agreement nor had any of the three listed Trustees executed page 18, "Trustee Declaration" to the Adoption Agreement. *See* Unexecuted 2009 Plan Adoption Agreement, attached hereto as Exhibit V.

81.     Upon information and belief, none of the three Trustees listed on the previously

14

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

referenced Trustee Declaration page has to this date executed the Trustee Declaration (page 18) accepting fiduciary responsibility under the 2009 Plan. *See* Exhibit J, Trustee Declaration at p.18.

82.      Also accompanying the June 18 Letter was a Statement of Benefits for the three-month Plan Period ending March 31, 2009. *See* Statement of Benefits, attached hereto as Exhibit W.  The Statement of Benefits showed "Distributions" of $466,066.65 and an ending March 31, 2009, balance of $0.00 as it related to Gissen, meaning the Plan had recorded a distribution of $466,066.65 to Gissen as of March 31, 2009. *Id.*

83.      Gissen's distribution check for the identical amount from the Plan was dated June 5, 2009, and was not credited to his IRA rollover account until June 15, 2009, 76 days later.

84.      The Plan's Statement of Assets and Liabilities dated as of March 31, 2009, also provided to Gissen with the June 18 Letter, showed "Distributions in Transit" of $640,591.53 and "Distributions to Participants" of $698,124.39, meaning the Plan had sufficient cash to make Gissen's rollover distribution as of March 31, 2009, and, for Plan accounting purposes, had apparently recorded a distribution for Gissen's benefit. *See* Statement of Asset and Liabilities, attached hereto as Exhibit X.

85.      By letter dated August 27, 2009 ("the August 27 Letter"), The Village sought to deny Gissen's purported "claim for benefits." *See* August 27 Letter, attached hereto as Exhibit Y. Also, in attempt to mislead and to misdirect Gissen further, nearly eight months after the fact, the August 27 Letter re-characterized the December 31, 2008, valuation from a specific quarterly valuation date as described in the **MEMO** to an "interim valuation" as described on pages 2 and 3 of the 2009 SPD.

15

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

### The Withheld Plan Documents

86.     By letter dated November 10, 2009, Gissen disputed The Village's characterization of Gissen's May 29 E-mail as a "claim for benefits" and requested various items necessary to Gissen's filing a Formal Claim for Benefits, including a copy of corporate minutes showing the proper adoption of the Unexecuted 2009 Plan. *See* November 10, 2009, Letter, attached hereto as Exhibit Z.

87.     By letter dated November 17, 2009, Gissen asked additionally for copies of Plan notices Gissen should have received relating to the mandatory distribution requirements under *ERISA* §206(a). The November 17, 2009, letter also repeated his request to review Plan documents at the Plan Administrator's office and requested additional time to file a formal claim or an appeal. The November 17, 2009, letter is attached hereto as Exhibit AA. The Village permitted Gissen a 45-day extension to file an appeal.

88.     By letters December 2 and 7, 2009, Gissen reiterated that his May 29 E-mail was not a Formal Claim for Benefits under the Plan document and the applicable SPD. Gissen repeated his request to review Plan documents and summary plan descriptions at the Plan Administrator's office. Gissen also asked for a copy of the Plan distribution information related to Gissen's formal claim or appeal. The December 2, 2009, and December 7, 2009, letters are attached hereto as Composite Exhibit BB.

89.     By letter dated December 7, 2009, the Plan denied Gissen's latest written request to review Plan documents and the summary plan descriptions at the Plan Administrator's office. The Plan took the position that it had provided all requested documents and affirmed its position regarding the mandatory distribution under *ERISA* §206(a). The Plan's December 7, 2009, letter is attached hereto as Exhibit CC.

16

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131  PHONE (305) 577-3996   FAX (305) 577-3558

90.     By letter dated December 22, 2009, Gissen confirmed the Plan's agreement for Gissen to file a "new" Formal Claim for Benefits and he renewed his written request to review at the Plan Administrator's office "documents and other instruments under which The Village established the Plan or operates the Plan, including all "pertinent" information as described in *ERISA* §104(b)(2)." *See* December 22, 2009, letter, attached hereto as Exhibit DD.

91.     By e-mail dated December 24, 2009, the Plan again denied Gissen's written request to review "documents and other instruments under which The Village established the Plan or operates the Plan, including all 'pertinent' information as described in *ERISA* §104(b)(2)" at the Plan Administrators' office. The Plan's December 24, 2009, letter is attached hereto as Exhibit EE.

92.     By letters dated December 28, 2009 and January 14, 2010, Gissen declined the Plan's "offer" to conduct an "office document review" at Plan counsel's Miami office or at EJR's office. Gissen asked the Plan for clarification as to "which document or documents" controlled the valuation date used to determine the value and amount of his June 2009 rollover distribution. Gissen's December 28, 2009, and January 14, 2010, letters are attached hereto as Composite Exhibit FF.

93.     By letter dated December 30, 2009, The Plan again denied Gissen's latest renewed request to review Plan documents at the Plan Administrator's office. The Plan stated that The Village had provided all documents Gissen had requested through December 30, 2009, alleging that because Gissen "is no longer a participant in the Plan" he is not entitled to Plan documents under *ERISA* §104(b). The Plan's December 30, 2009, letter is attached hereto as Exhibit GG.

94.     In its December 30 letter, the Plan provided written confirmation that it "agreed

17

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

that it will not consider Gissen's May 29, 2009 email a claim for benefits."

95. Upon information and belief, Gissen is currently an inactive participant in the Plan and has been an inactive participant in the Plan since his date of termination of employment on July 2, 2004.

96. By letter dated February 3, 2010, the Plan identified the 2009 Plan, its Adoption Agreement with a January 24, 2009, effective date, and the 2009 SPD as the "documents" controlling the valuation of Gissen's rollover distribution and his claim. The letter also stated the Adoption Agreement was "as approved by the Internal Revenue Service." The Plan's February 3, 2010, letter is attached hereto as Exhibit HH. The February 3, 2010, letter did not include a copy of the 2009 Plan in executed form.

97. Despite these representations, to date, there is no evidence that The Village ever formally adopted the 2009 Plan or the 2009 SPD, both of which had stated effectives date as of January 24, 2009. Upon information and belief, The Village has never explained how a Plan document with a January 24, 2009, effective date could control a December 31, 2008, valuation.

98. The Village replaced the 2009 SPD effective July 1, 2009, with the 2010 summary plan description ("2010 SPD"), prepared on March 5, 2010. *See* 2010 SPD, attached hereto as Exhibit II.

99. Upon information and belief, The Village never filed a request for a favorable determination letter from the Internal Revenue Service for the 2003 Plan nor for the 2009 Plan.

100. By letter dated August 30, 2010, Gissen requested a "true executed" copy of the 2009 Plan which The Village had not yet provided to Gissen and for copies of all "prior" documents to the 2003 Plan, noting relevant *ERISA* disclosure requirements. Gissen also asked for confirmation that the Trustees had actually executed the above-described Trustee Declaration

18

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131  PHONE (305) 577-3996  FAX (305) 577-3558

confirming their acceptance of fiduciary responsibility under the 2009 Plan. The August 30, 2010, letter indicated the Trustees had omitted the value of certain assets in valuing the trust fund of the Plan. *See* Gissen's August 30, 2010, letter, attached hereto as Exhibit JJ.

101.    By letter dated November 1, 2010, Gissen again requested all "documents and information" not yet provided to Gissen by The Village. Gissen also asked for confirmation that Morrell was the designated Administrator of the Plan as defined in *ERISA* § 3(16)(A) and that Morrell had accepted "in writing" the responsibilities of Administrator in accordance with the "terms" of the Plan. *See* Gissen's November 1, 2010, attached hereto as Exhibit KK.

102.    By letter dated November 9, 2010, the Plan sent a partially "executed" copy of the 2009 Plan. *See* the Plan's November 9, 2010, letter, attached hereto as Exhibit LL.

103.    Upon information and belief, the Plan's November 9, 2010, letter contained several more misrepresentations. *Id.*

104.    By letter dated November 16, 2010, Gissen addressed those misrepresentations. Gissen again asked the Plan to confirm "in writing the current Plan Administrator" and asked for confirmation as to whether Steinberg "actually signed" the 2009 Plan on June 15, 2009. Gissen also requested a copy of an original of Certificate of Resolution(s) under which The Village Board of Directors appointed a "person" (as defined in *ERISA* §3(9)) other than The Village to act in the capacity of "Administrator" as defined in *ERISA* §3(16)(A) as well as an executed copy of each acceptance of duties as Administrator by any person other than The Village. *See* Gissen's November 16, 2010, letter, attached hereto as Exhibit MM.

105.    By letter dated December 14, 2010, the Plan stated Morrell was the current Plan Administrator of the Plan, but acknowledged that Morrell never qualified as a "designated" Plan Administrator under the terms of 2003 Plan nor under the terms of the 2009 Plan. The December

19

CASE NO. _____

14, 2010, letter failed to address Gissen's other inquiries. *See* the Plan's December 14, 2010, letter, attached hereto as Exhibit NN.

106.· Upon information and belief, the statements in the Plan's December 14, 2010, letter regarding Morrell as the designated Plan Administrator were misrepresentations because the 2010 SPD published in March 2010 specifically listed the "Employer/Sponsor," which was The Village, as the Plan Administrator, effective as of July 1, 2009.

## The Claim for Benefits and Appeal

107.    On February 15, 2011, Gissen filed his Formal Claim for Benefits ("Claim") with the Plan Administrator for a corrective distribution in the amount of $300,623.06, plus adjustment for lost earnings and for a trust fund adjustment for Omitted Assets. The Claim was based on *ERISA* §§ 502(a)(1)(B) and 502(a)(3). The Claim is attached hereto as Exhibit OO; Gissen Affidavits I and II dated February 10, 2011 and June 5, 2012, are attached hereto as Composite Exhibit PP.

108.    By letter dated July 12, 2011, Gissen asked the Trustees for twenty-two (22) separate items related to his claim that were previously requested but not yet provided to him. *See* Gissen's July 12, 2011, letter attached hereto as Exhibit QQ.

109.    By letter dated August 15, 2011, the Plan denied Gissen's Claim and rejected his request for documents ("Claim Denial"). *See* Claim Denial, attached hereto as Exhibit RR.

110.    By letter dated August 29, 2011, the Plan provided a hard copy and a disk copy of the AR, updated through August 15, 2011.

111.    By letters dated September 7, 2011, and September 21, 2011, Gissen noted that the AR included documents and other information Gissen had been unsuccessfully requesting for more than two years.

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

112.   Gissen requested a date for reasonable access to review at the Plan Administrator's office "documents, records and other information relevant" to the Claim as offered by the Plan in its Claim Denial. Gissen listed nine items missing from the initial AR, *See* Gissen's September 7 and September 21, 2011, letters, attached hereto as Composite Exhibit SS.

113.   Gissen's request was denied.

114.   The Plan document granted exclusive discretion to the Plan Administrator to review and deny Gissen's Claim. By letter dated September 21, 2011, Gissen asked whether "The Village in its capacity as Plan Administrator exercised the described discretion or did another person?" *See* September 21, 2011, letter, attached hereto as Exhibit TT.

115.   The Plan responded by asserting that the Claim Denial was sent on behalf of the Plan rather than the Plan Administrator in light of Gissen's contention that Morrell, the designated Plan Administrator, was not authorized to act as Plan Administrator. *See* the 2010 SPD which was effective as of July 1, 2009, and which designated the Employer/Plan Sponsor as the Plan Administrator.

116.   Accordingly, the proper Plan Administrator for the "full and fair" of Gissen's Claim was The Village. *See* the Plan's November 4, 2011, letter, attached hereto as Exhibit UU.

117.   On June 6, 2012, Gissen's filed an Appeal of Denial for Claim for Benefits ("Appeal") with The Village as the designated Plan Administrator for the Plan. *See* Appeal, attached hereto as Exhibit VV.

118.   The "Plan" denied Gissen's Appeal by letter dated November 12, 2012. *See* November 12, 2012, Appeal Denial Letter, attached hereto as Exhibit WW.

119.   Accordingly, Gissen has exhausted his administrative remedies under the Plan.

21

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

### The Controlling Plan Documents

120.    The "controlling" Plan for the determination and the valuation of the correct amount of Gissen's June 2009 direct rollover distribution is the 2003 Plan, with the optional forms of benefit preserved under the 1989 Plan. *See* Sections 1.5(g), 1.5(h), 4.7(c), 11.4(a), 11.7, 11.8, 12.8 and 15.1 of the 1989 Plan document.

121.    The Village published the 2009 SPD in early March 2009, approximately three months prior to the June 15, 2009, "signed" date of the 2009 Plan.  The 2009 SPD, a "plan instrument" at best, could not qualify as a "controlling" plan document.

122.    The 2009 SPD also showed an effective date of January 24, 2009, and therefore could not have controlled a December 31, 2008, valuation under the Plan.

123.    The date of Gissen's rollover distribution check was June 5, 2009, ten days prior to the 2009 Plan's purported June 15, 2009, "signature" date.

124.    Upon information and belief, the 2009 SPD also specifically limited "interim valuations" to dates which were in addition to the stated quarterly Valuation Dates of June 30, September 30, December 31, and March 31. *See* the 2009 SPD.

125.    The 2009 SPD required The Village to provide "notice" in advance of any interim valuation it was to perform "with respect to your Plan Accounts."

126.    The requisite notice was never provided.

127.    The Village replaced the 2009 SPD effective July 1, 2009, with the 2010 SPD prepared on March 5, 2010.

128.    Upon information and belief, the only employee pension benefit plan formally adopted by The Village and in effect on December 31, 2008, was the 2003 Plan. Gissen again requested evidence of the formal adoption of the 2009 Plan by letter dated November 20, 2012,

22

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

to which the plan responded by stating the requested documents ". . .either do not exist or are not appropriate to be included within the Administrative Record."

129.    Upon information and belief, documents showing the proper adoption of the 2009 Plan do not exist. Upon information and belief, The Village had not, as of January 9, 2013, formally adopted the 2009 Plan. The 2009 Plan is therefore not a valid "in existence" employee pension benefit plan as described in *ERISA* §3(2)(A).

130.    Under the 2003 Plan and under the 2004 SPD and the 2005 SPD, the Plan's formally elected and published distribution policy was to provide its participants with annual valuations as of June 30.

131.    Under the terms of the 2003 Plan and the Plan's published distribution policy, the Trustees should have valued Gissen's June 2009 rollover distribution using the valuation date of June 30, 2008, not December 31, 2008. *See* 2003 Plan Adoption Agreement at § 45.b. (1) and (2) Exhibit B. The Employer-elected provision therein overrides any default elections within the Plan's basic plan document, including authority for fiduciary directed interim valuations.

132.    Accordingly, Gissen's vested account balance as of January 19, 2009, was $766,689.71, not $466,066.65 and the Distribution Request Form The Village provided to Gissen in January 2009 did not advise him otherwise.

133.    Under the terms of the 2003 Plan document, its complementary SPD and the Plan's existing distribution policy, Gissen is entitled to a corrective distribution from the Plan in the amount of $300,623.06, plus adjustment for lost earnings and for a trust fund adjustment for "omitted" assets as set forth in his Appeal of Denial for Claim for Benefits.

### The Omitted Assets

134.    By letter dated February 15, 2011, Gissen advised the Trustees the State of

23

197338_1

Ver Ploeg & Lumpkin, P.A., 100 S.E. Second Street, Thirtieth Floor, Miami, Florida 33131   Phone (305) 577-3996   Fax (305) 577-3558

CASE NO. _____

California held Plan trust fund assets having an approximate value of $15,127.89. The letter explained to the Trustees these assets were recoverable from the State of California by the Trustees' completing the appropriate "claims" form. *See* Gissen's February 15, 2011, letter to the Trustees, attached hereto as Exhibit XX.

135.    By letter dated July 5, 2011, Gissen advised the Trustees that the State of Florida held Plan trust fund assets having an approximate value of $6,680.00, which were recoverable from the State of Florida by the Trustees' completing the appropriate "claims" form. The Trustees never responded to Gissen's July 5, 2011 letter. *See* Gissen's July 5, 2011 letter, attached hereto as Exhibit YY.

136.    Upon information and belief, the Trustees have declined to complete the forms necessary to recover the California and Florida fund assets omitted from the Trustees' valuations of trust fund assets during the plan year ending June 30, 2009 ("Omitted Assets").

137.    By letter dated May 3, 2011, Gissen asked whether the Trustees intended to take the necessary action to recover the "unclaimed" trust fund assets from the State of California and advised he was considering reaching out to the Department of Labor to assist in recovering the "unclaimed" trust fund assets. *See* Gissen's May 3, 2011 letter, attached hereto as Exhibit ZZ.

**Conditions Precedent**

138.    Gissen has engaged undersigned counsel to represent him in this action and has agreed to pay a reasonable fee for services rendered.

139.    All conditions precedent to this action have been performed, occurred, or have otherwise been waived.

**COUNT I – RECOVERY OF BENEFITS UNDER *ERISA* § 502(a)(1)(B)**

140.    Plaintiff realleges Paragraphs 1 through 137 as if fully set forth herein.

24

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

141.   This is a claim to recover benefits and enforce rights under 29 U.S.C. § 1132(a)(1)(B).

142.   Pursuant to 29 U.S.C. § 1132(a)(1)(B), Gissen, as a participant in the Plan, is entitled to sue for judicial determination and enforcement of benefits.

143.   The Plan has refused to provide Gissen with the full pension benefits to which he is entitled under the Plan and in contravention of the controlling Plan documents and *ERISA*.

144.   Specifically, the use of the 2009 Plan for the determination and the calculation of the correct amount of Gissen's June 2009 direct rollover distribution violated *ERISA* §204(g)(1), Code § 411(d)(6) and the applicable regulations by reducing retroactively the dollar amount of Gissen's protected accrued benefit (account balance) under the Plan.

145.   The 2003 Plan's valuation methodology and single annual valuation date with respect to Gissen's account balance are protected benefits within the meaning of *ERISA* § 204(g)(1), Code § 411(d)(6), and the applicable regulations.

146.   By failing to follow the terms of the 2003 Plan, Gissen's accrued benefits were undervalued by $300,623.06, plus adjustment for lost earnings and for a trust fund adjustment for Omitted Assets.

147.   As a further result of the Plan's denial of Gissen's Claim and Appeal based upon the Trustees' incorrect valuation of benefits, Gissen has been forced to retain legal counsel to represent him in this matter and therefore is entitled to recover his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff, Matthew Gissen requests the entry of judgment against Defendant, The Village South, Inc. Profit Sharing Plan for damages including, but not limited to, any and all past due benefits plus adjustment for lost earnings and for a trust fund adjustment for

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

Omitted Assets, attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), pre-judgment and post-judgment interest, costs incurred in bringing this action, and for all such other relief as the Court deems equitable, just and proper.

## COUNT II— BREACH OF FIDUCIARY DUTY UNDER *ERISA* § 502(a)(3)(B) AGAINST THE TRUSTEES

148.    Plaintiff realleges Paragraphs 1 through 137 as if fully set forth herein.

149.    This is a claim for breach of fiduciary duty under *ERISA* § 502(a)(3)(B).

150.    Pursuant to *ERISA* § 502(a)(3)(B), Gissen, as a participant in the Plan, is entitled to sue for appropriate equitable relief to redress violations or to enforce any provisions of this subchapter or the terms of the Plan.

151.    The Trustees are plan fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A).

152.    Upon information and belief, the Trustees were responsible for failing to rely on the controlling Plan documents and undervaluing Gissen's June 2009 rollover distribution by $300,623.06.

153.    The Trustees further breached their fiduciary duty to Gissen by engaging in the following acts:

- Failing to follow the terms of the controlling plan document;

- Failing to follow the Board's directives as of January 24, 2009, or to file a declaratory judgment action;

- Distributing an incorrect and incomplete benefit amount into Gissen's IRA contrary to his specific instructions;

- Failing to disclose material information when they failed to respond to Gissen's inquires about his distribution and distribution options when they knew or should have known failure to do so would cause him harm;

- Using an unauthorized interim valuation as of December 31, 2008, to determine the amount of Gissen's June 2009 rollover distribution in violation of the "definitely determinable" rule and *ERISA* §402(b)(4) which requires the plan document to

26

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

"specify the basis on which payments are made…from the plan…";

- Publishing the misleading **MEMO** in early March 2009 and attempting to elevate the 2009 SPD to the status of a controlling "plan document" ;

- Providing incorrect distribution instructions dated June 3, 2009, to the Plan's custodian.

- Refusing to follow Gissen's election to postpone distribution of his account balance as stated in his May 29 and June 5, 2009, e-mails. *See* ¶¶ 68-71, *supra*.

- By engaging and relying upon EJR, a service provider lacking expertise in the fiduciary areas of the Trustees' reliance and by failing to exercise their own judgment in light of the information and advice which they received from EJR regarding the valuation of Gissen's account balance under the Plan;

- Failing to recover certain Omitted Assets due the Plan in the amount of $15,127.89 from the State of California and in the amount of $6,680.68 from the State of Florida;

- By incorrectly treating the "equitable concepts" of "windfall at the expense of remaining participants" [August 27 Letter] and "so that all participants would be treated fairly" [Claim Denial] as trumping *ERISA* § 404(a)(1)(D) and the plain language of the then existing Plan document. *See US Airways v. McCutchen*, No. 11-1285, 2013 WL 1567371(2013).

154.    Had the Trustees acted in a prudent manner, Gissen would have received his full distribution amount of $766,689.71.

155.    As a result of the Trustees' breach under *ERISA* § 404(a)(1), Gissen is entitled to a corrective distribution from the Trustees, jointly and severally, in the amount of $300,623.06, plus adjustment for lost earnings and for a trust fund adjustment for Omitted Assets as set forth in his Appeal.

156.    Gissen has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of the Trustees' breach of fiduciary duty and continued undervaluation of benefits.

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131  PHONE (305) 577-3996  FAX (305) 577-3558

CASE NO. _____

157.   As a further result of the Trustees' refusal to properly calculate Gissen's benefits, he has been forced to retain legal counsel to represent him in this matter and therefore is entitled to recover his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff Matthew Gissen requests the entry of judgment against Defendants, Richard E. Steinberg in his capacity as Trustee of the Plan, Peter Ventrella in his capacity as Trustee of the Plan, and Aurelio Morrell in his capacity as Trustee of the Plan for damages including, but not limited to, any and all past due benefits plus adjustment for lost earnings and for a trust fund adjustment for Omitted Assets, attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), pre-judgment and post-judgment interest, costs incurred in bringing this action, and for all such other relief as the Court deems equitable just and proper.

### COUNT III— BREACH OF FIDUCIARY DUTY UNDER *ERISA* § 502(a)(3)(B) AGAINST THE VILLAGE

158.   Plaintiff incorporates Paragraphs 1 through 137 as if fully set forth herein.

159.   This is a claim for breach of fiduciary duty under *ERISA* § 502(a)(3)(B).

160.   Pursuant to 29 U.S.C. § 1132(a)(3)(B), Gissen, as a participant in the Plan, is entitled to sue for appropriate equitable relief to redress violations or to enforce any provisions of this subchapter or the terms of the Plan.

161.   The Village, as Plan Administrator, is a Plan fiduciary within the meaning of 29 U.S.C. § 1002(21)(A).

162.   Upon information and belief, The Village, through advice of the Trustees and EJR, was responsible for failing to rely on the controlling Plan documents and undervaluing Gissen's distribution by $300,623.06.

163.   Had The Village acted in a prudent manner and not abdicated its duty and responsibility as Plan Administrator to provide Gissen a "full and fair review" of his Claim and

28

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

Appeal, Gissen would have received his full distribution amount of $766,689.71.

164.     As a result of The Village's breaches under *ERISA* § 404(a)(1), under §104(b), and under the controlling Plan documents, and The Village's failure to comply timely with the financial information requirements of Code § 417, Gissen is entitled to a corrective distribution from the Trustees and the Plan Administrator, jointly and severally, in the amount of $300,623.06, plus adjustment for lost earnings and for a trust fund adjustment for Omitted Assets as set forth in his Appeal.

165.     Gissen has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of The Village's breach of fiduciary duty and continued undervaluation of benefits.

166.     As a further result of the Plan Administrator's refusal to direct distribution of the correct account balance to Gissen, he has been forced to retain legal counsel to represent him in this matter and therefore is entitled to recover her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiff Matthew Gissen requests the entry of judgment against Defendant, The Village in its capacity as Plan Administrator of the Plan, for damages including, but not limited to, any and all past due benefits plus adjustment for lost earnings and for a trust fund adjustment for Omitted Assets, attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), pre-judgment and post-judgment interest, costs incurred in bringing this action, and for all such other relief as the Court deems equitable just and proper.

## COUNT IV – ADMINISTRATIVE PENALTIES UNDER *ERISA* § 502(c)(1) AND 29 C.F.R. § 2575.502c -1

167.     Gissen realleges Paragraphs 1 through 137 as if fully set forth herein.

168.     This is a claim seeking imposition of an administrative penalty under 29 U.S.C. §

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

1132(c)(1) and 29 C.F.R. § 2575.502c-1.

169.    The Village, as Plan Administrator, failed to furnish Gissen with certain documents contrary to the requirements of *ERISA*.

170.    *ERISA* § 502(c)(1) and 29 C.F.R. § 2575.502c-3 allow up to $110 penalty per document, per day penalty for the Plan Administrator's failure to timely disclose specified documents.

171.    Under *ERISA* § 104(b)(1), Gissen should have automatically received both the 2005 SPD and 2005 SMM for the plan year ending June 30, 2005. The documents were not provided until June 19, 2009. Gissen is therefore entitled, subject to this Court's discretion, to $238,480.00 in penalties.

172.    Under *ERISA* § 104(b)(1), Gissen should have automatically received the 2010 SPD for the plan year ending June 30, 2011. The documents were not provided until January 9, 2013. Gissen is therefore entitled, subject to this Court's discretion, to approximately $60,040.00 in penalties.

173.    Under *ERISA* § 104(b)(3), Gissen should have automatically received the 2009 Summary Annual Report ("SAR") for the plan year ending June 30, 2009. The 2009 SAR was not received until October 6, 2011. Gissen is therefore entitled, subject to this Court's discretion, to approximately $54,230 in penalties.

174.    Under *ERISA* § 104(b)(3), Gissen should have automatically received the 2010 SAR for the plan year ending June 30, 2010. The 2010 SAR has not yet been received. Gissen is therefore entitled, subject to this Court's discretion, to approximately $128,366.00 in penalties as of the date that this Complaint was filed, with ongoing accumulation thereafter.

175.    Under *ERISA* §104(b)(4), a plan participant has a right to receive certain

30

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131  PHONE (305) 577-3996   FAX (305) 577-3558

information from the Plan Administrator upon request. Potential penalties begin to run 31 days after the date of the written request.

176.    Gissen requested the Trustee Minutes related to the establishment/amendment of the 2003 Plan on May 29, 2009, and did not receive these Minutes until August 31, 2011. Gissen is therefore entitled, subject to this Court's discretion, to approximately $87,340 in penalties.

177.    Gissen requested an executed copy of the 2009 Plan Document on January 28, 2009, and August 31, 2010, and has not yet received such executed copy. Gissen is therefore entitled, subject to this Court's discretion, to approximately $169,620.00 in penalties as of the date that this Complaint was filed, with ongoing accumulation thereafter.

178.    Gissen requested an executed copy of corporate Minutes related to the adoption of 2009 Plan Amendment on November 12, 2009, and on November 20, 2012, and has not yet received such executed copy. Gissen is therefore entitled, subject to this Court's discretion, to approximately $169,620.00 in penalties as of the date that this Complaint was filed, with ongoing accumulation thereafter.

179.    Gissen is entitled, subject to this Court's discretion, to an approximate total of $907,696.00 in penalties of the date this Complaint was filed, with ongoing accumulation thereafter.

WHEREFORE, Plaintiff Matthew Gissen requests the entry of Judgment against The Village, as Plan Administrator, for penalties incurred pursuant to *ERISA* § 502(c)(1) and 29 C.F.R. § 2575.502c-1, attorney's fees and costs incurred bringing this action, and for such other relief as this Court deems equitable, just and proper.

## DE NOVO REVIEW

180.    Gissen realleges Paragraphs 1 through 137 as if fully set forth herein.

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

181.    Upon information and belief, the Plan Administrator was the only fiduciary under the Village Plan authorized to consider Gissen's Formal Claim for Benefits, his Appeal of Denial and the administrative record and evidence presented.

182.    Upon information and belief, the Plan and the Trustees acted to the exclusion of the Plan Administrator to deny Gissen's Formal Claim for Benefits and his Appeal.

183.    Upon information and belief, the Plan is not a "person" within the meaning of *ERISA* § 3(9) who possesses the authority or power to make any form of determination affecting the rights of the Plan participants nor does the Plan have the authority to deny Gissen's Formal Claim for Benefits and Appeal.

184.    Upon information and belief, the Trustees were conflicted fiduciaries and their conflicts of interest affected their unauthorized decision to deny Gissen's Formal Claim for Benefits and Appeal.

185.    The Village's continuous and repeated denials of Gissen's written requests to review at the Plan Administrator's office "documents and other instruments under which The Village established the Village Plan or operates the Village Plan, including all "pertinent" information as described in *ERISA* §104(b)(2)" adversely affected Gissen's ability to pursue his Formal Claim for Benefits and Appeal.

186.    The Village's refusal to conclusively identify the "Plan Administrator," as alleged in Paragraphs 101-106, *supra,* adversely affected Gissen's ability to pursue his Formal Claim for Benefits and Appeal.

187.    Further, The Village continuously and repeatedly denied Gissen's written requests for "material facts" affecting his interest as a participant, as alleged in Paragraphs 89-97, *supra,* which the Plan Administrator and the Trustees had a duty to communicate to Gissen.

32

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO. _____

188.    The Village's actions in this regard adversely affected  Gissen's ability to pursue his Formal Claim for Benefits and Appeal. *See LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 253 (2008).

189.    Upon information and belief, and as evidenced by the above actions, The Village completely abdicated its responsibility to conduct a full and fair review of Gissen's Formal Claim for Benefits and Appeal.

190.    Accordingly, Gissen's Claim for Benefits pursuant to *ERISA* § 502(a)(1)(B) is entitled to *de novo* review.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by Jury of all issues so triable as of right.

DATED this 1ST day of May, 2013.

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**
*Counsel for Matthew Gissen*
100 S.E. Second Street, 30th Floor
Miami, FL 33131
Tel: (305) 577-3996
Fax: (305) 577-3558

By: ___/s/ Eileen L. Parsons_____
    **EILEEN L. PARSONS**
    Florida Bar No. 765716
    eparsons@vpl-law.com
    **MALLORY L. GOLD, ESQ.**
    Florida Bar No. 92405
    mgold@vpl-law.com

33

197338_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558