UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21565-CV-UU

MATTHEW GISSEN

     Plaintiff,

v.

VILLAGE SOUTH, INC.
PROFIT SHARING PLAN;
THE VILLAGE SOUTH, INC., in its capacity
as Plan Administrator of VILLAGE SOUTH, INC.
PROFIT SHARING PLAN; RICHARD E.
STEINBERG, PETER VENTRELLA, and
AURELIO F. MORRELL, individually and jointly
in their respective capacities as Co-Trustees of
VILLAGE SOUTH, INC. PROFIT SHARING PLAN

     Defendants.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS II AND III AND CLAIM FOR OMITTED ASSETS WITH MEMORANDUM OF LAW

Plaintiff, Matthew Gissen (hereinafter "Gissen"), by and through undersigned counsel and pursuant to Local Rule 7.1, responds in opposition to Defendants, Village South, Inc. Profit Sharing Plan (the "Plan"); The Village South, Inc. ("Village"), Richard E. Steinberg, and Aurelio F. Morrell (collectively, "Defendants") Motion to Dismiss Counts II and III and Claim for Omitted Assets with Memorandum of Law [DE 15] (the "Motion"), and states as follows:

### Introduction

Matthew Gissen, a participant in a defined contribution pension plan ("Plan") sponsored by his former employer, the Village, sues Defendants for various violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). In

Count I, Gissen seeks damages pursuant to § 1132(a)(1)(B) for Defendants' undervaluation of Gissen's account balance at the time of his request for distribution. In Counts II and III, Gissen seeks alternative equitable relief pursuant to § 1132(a)(3) for the Plan fiduciaries' wrongful conduct. Specifically, Gissen alleges the Defendants breached their fiduciary duties to Gissen (and other plan participants or beneficiaries) by failing to communicate truthfully regarding the Plan and Plan documents, and by failing to provide Gissen with the information he needed to be able to fully and fairly analyze his rights with respect to his account balance, and its distribution. Count IV seeks administrative penalties pursuant § 502(c)(1) for the Village's failure to provide certain Plan documents and Plan instruments within a requisite time period as mandated by ERISA.

Defendants served an Answer and Defenses to Counts I and IV of the Complaint on June 14, 2013. Defendants move to dismiss Counts II and III because 1) Gissen merely seeks a duplicative remedy to that afforded in Count I and 2) Gissen's request for monetary damages in Counts II and III constitutes legal, not equitable relief. The motion must be denied. Counts II and III do not restate a claim for unpaid Plan benefits but seek a remedy for systemic breaches of fiduciary duties by the Plan fiduciaries. Though virtually ignored by Defendants, the United States Supreme Court in *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), recognized a participant's (here Gissen's) right to seek both a claim for benefits and alternative equitable relief in the precise situation where the participant (here Gissen) alleges that Plan fiduciaries made intentional and material misrepresentations that influenced the manner in which the participant handled his account balance and sought account distribution. Because, as *Cigna* further recognized, monetary damages may be awarded as a form of equitable relief, Defendants' second argument also fails. *See id.* at 1880. Finally, Defendants' legal challenge to Gissen's claim as to

2

CASE NO.: 13-21565-CV-UU

omitted assets fails, and Defendants' factual allegations in support of its legal challenge to that claim are premature at the pleadings stage. For these reasons, Defendants' Motion to Dismiss should be denied.

### Memorandum of Law

**I.      Standard of Law**

On a motion to dismiss, the Court must accept as true all allegations in the complaint and construe them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.,* 372 F.3d 1250, 1262 (11th Cir. 2004). "[C]ourts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.,* 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). The complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.,* 485 F. Supp. 2d 1326, 1328 (M.D. Fla. 2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (a plaintiff need only plead facts sufficient to state a plausible basis for the claim); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007); and *Doe v. Epstein,* 611 F. Supp. 2d 1339, 1343 (S.D. Fla. Feb. 12, 2009).

This plausibility standard is hardly a rigorous test; it is not a "probability requirement," and requires just "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft,* 129 S.Ct. at 1949. This minimal threshold permits a well-pled complaint to proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556 (internal quotation omitted).   Plaintiff's Complaint exceeds the minimal threshold.

3

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

**II.    Gissen Seeks Relief for Wrongful Conduct Under § 502(a)(1)(B) Distinct From His Claim for Benefits Under § 502(a)(3)**

Gissen's claims must stand unless it is clear that no relief can be granted under any set of facts consistent with the complaint's allegations, taking those allegations as true. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997); *Shave v. Stanford Fin. Group, Inc.*, No. 07-60749 CIV, 2007 WL 2433388 (S.D. Fla. Aug. 22, 2007).   The U.S. Supreme Court has long permitted an individual plan participant to seek equitable relief against a breaching fiduciary pursuant to § 1132(a)(3), *Varity Corp. v. Howe*, 516 U.S. 489, 514 (1996), which right is limited only by the requirement that the equitable relief sought be appropriate and the result of distinct wrongdoing. *See also Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084 (11th Cir. 1999).   Most recently, the U.S. Supreme Court in *Cigna* confirmed this absolute right, both clarifying and expanding the available reach of § 1132(a)(3). Ignoring *Cigna* and the well-pled allegations, Defendants conclusorily allege that Gissen's fiduciary breach claims improperly duplicate his claim for benefits.   On review, Gissen's well-plead allegations sufficiently detail distinct harm to Gissen directly resulting from Defendants' wrongful conduct. *Cigna*, 131 S. Ct. 1866; *Kenseth v. Dean Health Plan,___ F.3d ___*, 2013 WL 2991466 (7th Cir. June 13, 2013).

Accepting the allegations of the Complaint as true, Gissen seeks damages pursuant to § 1132 (a)(1)(B) because his claim for benefits was improperly denied due to the failure to follow the terms and conditions of the controlling Plan documents. Gissen's claim for equitable relief pursuant to § 1132(a)(3) seeks equitable relief, including permissible monetary damages, due to the Defendants' wrongful conduct by, among other failures, providing incomplete and inaccurate information regarding the Plan's valuation date,  failing to provide timely and complete requisite notices and failing to disclose material information that influenced Gissen's decision's regarding

4

his distribution, failing to fully and completely respond to Gissen's requests regarding his distribution and failing to follow Gissen's express instructions regarding same, and failing to communicate with Gissen in such a manner to permit a full and fair review of his claim. As a result, Gissen could not fully and fairly assess his distribution rights, and pursue his distribution claim. Gissen's equitable claims, taken as true, would afford Gissen equitable relief even if this Court were to deny Gissen's claim for benefits under § 1132 (a)(1)(B). Gissen's allegations clearly assert that – as a direct result of Defendants' wrongful conduct – Gissen may not have an adequate legal remedy under § 1132(a)(1)(B).  Gissen seeks to remedy in that circumstance a separate harm that is "substantively different" than the legal relief sought in the form of a claim for benefits, and with that harm his entitlement to recognized equitable relief in the form of reformation, surcharge, estoppel, and disgorgement.  The claims raised and the relief sought are both "appropriate" and distinct from the § 1132(a)(1)(B) claim for damages. Gissen is entitled to seek relief under both counts.

## A. Dismissal of Gissen's Alternative Theory of Breach of Fiduciary Duty is Inappropriate at this Stage of the Proceedings

To dismiss an individual claim for breach of fiduciary duty at the 12(b)(6) stage of the proceedings is simply premature. *See Moore v. First Union Corp.*, No. CIV. A. 00-2512, 2000 WL 1052140 (E.D. Pa. July 24, 2000). "*Varity* does not propose a bright-line rule that a claim for equitable relief under § 1132(a)(3) should be dismissed when a plaintiff also brings a claim under § 1132(a)(1)(B)."*Id.* at *1 (citing *Parente v. Bell Atl. Pennsylvania*, No. CIV. A. 99-5478, 2000 WL 419981 (E.D. Pa. April 18, 2000); *accord Crummett v. Metro. Life Ins. Co.*, No. CIV.A.06 01450 HHK, 2007 WL 2071704 (D.D.C July 16, 2007) ("The court agrees that dismissal of § 502(a)(3) claims should not automatically occur simply because a complaint also brings § 502(a)(1)(B) claims."). As the district court in *Goepfort v. Trustmark Insurance Co.*,

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

No. 05C1132, 2006 WL 2597984 (E.D. Wis. Sept. 11, 2006) stated,

> [A] district court generally should not dismiss a [§ 502(a)(3)] claim as duplicative of a claim for benefits at the motion to dismiss stage of a case. . . .This is so because: (1) it may be difficult to determine at the pleading stage of a case whether relief is available under § 1132(a)(1)(B); (2) some allegations might support a claim under § 1132(a)(1)(B) and others a claim under § 1132(a)(3); (3) *Varity Corp.* did not deal with pleading but with relief; and (4) federal pleading rules allow a plaintiff to plead claims hypothetically or alternatively.

*Id.* at *2; *see also Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 359 (M.D. Fla. 2012) ("[i]n contrast to *Katz*, Defendant's Motion to Strike must be denied as the cause currently before this Court has not yet developed sufficiently to be able to consider a motion for summary judgment.").[1]

Taking the allegations in the light most favorable to Gissen, it is not clear that no equitable relief can be granted under any set of facts consistent with the complaint's allegations. *Varity*, 516 U.S. at 515 (citations omitted). The same applies to the contention that the equitable relief sought is "not substantively different" from the benefits sought. *Katz*, 197 F.3d at 1088 n. 15.

**B.  Binding U.S. Supreme Court and Eleventh Circuit Precedent Confirm Right to Seek Equitable Relief in this Instance**

Gissen seeks two separate forms of relief for two separate injuries: damages in the form of a corrective distribution based on the Plan's undervaluation of Gissen's accrued pension benefits under controlling Plan documents and, alternatively, make-whole equitable relief due to Defendants' misrepresentations, actions and omissions regarding the valuation of Gissen's benefits and his options under the Plan.[2] The Eleventh Circuit's decision in *Jones v. American*

---

[1] For example, *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284 (11th Cir. 2003), relied on by Defendants, was also decided following a bench trial.

[2] *Cigna* clearly recognizes monetary damages as an equitable remedy. Though Plaintiff believes the relief is properly plead, Plaintiff of course can re-plead the specific relief sought. *See*

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO.: 13-21565-CV-UU

*General Life & Accident Insurance Co.*, 370 F.3d 1065, 1072 (11th Cir. 2004), reversing the dismissal of § 502(a)(3) claim, remains instructive. In *Jones,* participants of a welfare benefit plan sued the plan after their insurance was terminated without adequate option to convert already-accrued benefits. The complaint contained alternative counts under § 502(a)(1)(B), in which the participants sought continuing benefits, and under § 502(a)(3), in which the participants claimed breach of fiduciary duty against the Plan for certain misrepresentations regarding the termination of insurance and the participants' rights under the plan. Relying on *Katz,* the lower court also dismissed the breach of fiduciary duty based on the Plan's contention that *Katz* required dismissal of a Section 502(a)(3) claim where, as here, "the plaintiff's injury [could] be relieved with an award of benefits." *Id.* at 1073 (citing *Katz,* 197 F.3d at 1088). The Eleventh Circuit reversed the lower Court's decision, finding that *Katz* and its progeny[3] do not

---

generally *Regency Of Palm Beach, Inc. v. QBE Ins. Corp.*, No. 08-81442-CIV, 2009 WL 2729954 (S.D. Fla. Aug. 25, 2009) (dismissing improperly plead sections of the prayer for relief, without prejudice and with leave to amend).

[3] The *Jones* court explicitly cited to *Ogden v. Blue Bell Creameries U.S.A., Inc.,* 348 F.3d 1284 (11th Cir. 2003), the primary case relied upon by Defendants, in rendering its decisions upholding the breach of fiduciary duty claim. The *Ogden* Court simply followed what it believed to be the mandate of *Katz:* that an ERISA plaintiff who has an adequate remedy under § 502(a)(1)(B) cannot alternatively plead and proceed under §502(a)(3). *Id.* at 1287. The Eleventh Circuit corrected this misunderstanding in *Jones.* Notwithstanding, the facts of *Ogden* do not include any claims of misrepresentations, as they do here, which makes the *Ogden* case plainly distinguishable. Likewise, *Helms v. General Dynamics Corp.,* 222 Fed. Appx. 821, 823 (11th Cir. 2007), the other precedent cited by Defendants, does not include any claims of misrepresentation and upheld the dismissal of the breach of fiduciary claim only *after* finding that the plaintiff was entitled to benefits under §502(a)(1)(B). *Id.* at 834. Accordingly, until Gissen's claim for benefits is adjudged, he should be permitted to alternatively proceed under both theories. The additional district cases cited by Defendants are all distinguishable as outdated or as not including any claims for misrepresentation or misleading acts on behalf of the fiduciaries. *See Rodriguez v. Aetna Life Ins. Co.,* 859 F. Supp. 2d 1332, 1333 (S.D. Fla. 2012) (not alleging any misrepresentation but simply paraphrasing the claim for benefits and asking for injunctive relief to enforce disability benefits); *Lieberman v. United Healthcare Ins. Co.,* No. 09-81050-CIV, 2010 WL 903260 (S.D. Fla. 2010) (holding plaintiff failed to state a claim for equitable relief under the more limited § 502(a)(3) pre-*Cigna* standard); *Kennedy v. Metro. Life Ins. Co.,* 357 F. Supp. 2d 1346 (M.D. Fla. 2005) (same); *Chiroff v. Life Ins. Co. of N. Am.,* 142 F. Supp.

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

require dismissal of a breach of fiduciary duty claim where a claim for benefits is alternatively pled. *Id.* at 1073-74. The Eleventh Circuit emphasized that "[t]he central focus of the *Varity* inquiry involves whether Congress has provided an adequate remedy," not whether the same relief is sought. *Id.* at 1073-1074. The Court concluded, "participants in an ERISA-governed plan that rely to their detriment on a fiduciary's misrepresentations of the plan's terms may state a claim for "appropriate equitable relief" under Section 502(a)(3) if they have no adequate remedy elsewhere in ERISA's statutory framework." *Id.* at 1074.

The *Jones* analysis is on point. In *Jones,* the plan participant's claim for benefits was ultimately dismissed, and the dismissal was upheld, based on unambiguous policy language. *Id.* at 1070-71. Should this Court rule in favor of Defendants on Gissen's claim for benefits under controlling Plan documents, Gissen will be without adequate remedy to redress Defendants' misrepresentations, a separate issue from whether the Plan properly valued his benefits.[4] Under established Eleventh Circuit precedent, Gissen must be permitted to plead Counts II and III for

---

2d 1360, 1366 (S.D. Fla. 2000) (pre-*Cigna* and *Jones* decision relying on *Varity* for the incorrect proposition that plaintiff cannot alternatively plead § 502(a)(3) and § 502(a)(1)(B);*Castro v. Hartford Life & Acc. Ins. Co.*, No. 5:11-CV-446-OC-34TBS, 2011 WL 4889174 (M.D. Fla. Oct 14, 2011) (Not addressing allegations of misrepresentation and thus failing to acknowledge Cigna in finding that the withholding of certain plan documents is otherwise remedied under plaintiff's claim for administrative penalties).

*Sanctuary Surgical Ctr., Inc. v. UnitedHealth Group, Inc.*, No. 10-81589-CIV, 2013 WL 149356 (S.D. Fla. Jan. 14, 2013) 2013 WL 149356 at *8-9, a case cited by Defendants, supports Gissen's position.  This case found that the plaintiff's fiduciary duty claim was not duplicative of the claim for benefits.  The court dismissed the fiduciary duty claim only because plaintiffs were assignees and could not assert a direct fiduciary duty.

[4] Moreover, § 502(a)(3) also affords the Court the opportunity to allocate Gissen's recovery among several parties, including the Trustees and the Plan, by fashioning appropriate equitable relief, which §502(a)(1)(B) does not provide. *See Varity*, 516 U.S. at 515.

8

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

Breach of Fiduciary duty in the alternative to his claim for benefits.[5]

Like *Cigna,* conspicuously absent from Defendants' Motion is discussion of *Jones* decision, even though the Eleventh Circuit dissects the holdings of *Varity* and *Katz,*[6]and explains that Defendants' position is incorrect.  Without analysis or reference to Gissen's allegations of misrepresentation and notice failures, Defendants rely on the outdated and incorrect assumption that "[b]ecause Plaintiff has a claim under § [502](a)(1)(B), his claims under § [502](a)(3) are duplicative and therefore impermissible." *See* Mot. at 7. Defendants' Motion on these grounds is without merit. *See Jones, supra; accord Sanctuary Surgical Ctr., Inc. v. UnitedHealth Group, Inc.*, No. 10-81589-CIV, 2013 WL 149356 *9 (S.D. Fla. Jan. 14, 2013) ("to the extent the breach of fiduciary duty claims are premised upon misleading or false representations made in telephone conversations between United and the plaintiffs' employees, which appears to be the focal thrust of plaintiffs' claims, these are independent – not derivative – claims asserted directly by plaintiffs").[7]

---

[5] Any doubt as to whether such claims are duplicative must be resolved in favor of Gissen. *See Shave*, 2007 WL 2433388 ("when considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a *certainty* that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim") (emphasis added).

[6] In an abundance of caution, Gissen notes that *Katz* was decided on summary judgment, and, as discussed *supra,* dismissal at the pleading stage is inappropriate where claims of misrepresentation are alleged. *See generally Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 359 (M.D. Fla. 2012) ("a determination of the remedies available to a plaintiff cannot be limited at the pleadings stage of a case in the manner so requested by Defendant.").

[7] Similarly, regardless of whether Gissen's claim for benefits is ultimately granted, Defendants' made certain misrepresentations that affected Gissen's decisions regarding his distribution that render the facts supporting Gissen's fiduciary duty claims distinct from his claim for benefits.

9

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

**C.**      *Cigna* **Confirms Gissen May Seek Alternative Equitable Relief**

The Supreme Court's recent decision in *Cigna* clarifies prior confusion and confirms that the facts alleged by Gissen properly state a claim for equitable relief. *See Cigna,* 131 S.Ct. 1866. *Cigna* is widely recognized as "a case that significantly altered the understanding of equitable relief available under section 1132(a)(3)." *See Kenseth,* 2013 WL 2991466 at *7; *Gearlds,* 709 F.3d at 451-452; *McCravy,* 690 F.3d at 182-183.[8]

The facts of *Cigna* mirror those at hand, absent that *Cigna* was filed as a class action. In *Cigna,* a class of plaintiffs sued an employer and a pension plan because the employer misrepresented the terms of a new benefit plan and mislead beneficiaries about the conversion of a defined benefit retirement plan into a cash balance plan, ultimately providing less generous benefits under the new plan. The employer in *Cigna* released certain disclosures and notices regarding the changes, including a newsletter announcing the employer's intention to put a new plan in place that would apply retroactively, that were allegedly defective, harmful, and contrary to ERISA. *Id.* at 1871-1872. The district court agreed with the plaintiffs, findings that the defendant had intentionally misled the employees, and it reformed the terms of the new plan to meet employees' expectations. *Id.* at 1874–75. Relying on§ 502(a)(1)(B), the district court "require[d] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed." *Id.* at 1880.

---

[8] Defendants' attempt to minimize the impact of *Cigna* in a footnote is futile. Defendants ignore analogous facts, as discussed below, and instead cite to an unreported case from a Minnesota district court that expressly distinguishes *Cigna* because the Minnesota plaintiff did not make allegations of misrepresentation or cause plaintiff to be in a worse position due to fiduciaries' misleading actions. *See Genosky v. Metro. Life. Ins. Co.,* No. 11-cv-2230 (MJD/LIB), 2012 WL 3029648 (D. Minn. April 27, 2012). Instead, the plaintiff in *Genosky* attempted to bring a fiduciary duty claim on what otherwise was a straightforward denial of healthcare benefits. *Id.* The allegations of the Complaint are in line with those of *Cigna;* therefore, *Cigna* is unquestionably applicable.

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

The Supreme Court reversed, finding that § 502(a)(1)(B) did not authorize the relief provided because that section did not permit the district court to change or reform the terms of the plan as they previously existed. *Id.* 876–77. The Supreme Court then went on, however, to order on remand a remedy might be available under § 502(a)(3)'s provision for "other appropriate equitable relief, whether couched as reformation, estoppel, or surcharge. *Id.* at 1879-80. The Court concluded that the district court's allowance of monetary damages as a form of equitable relief could fall within the scope of § 502(a)(3). *Id.* at 1880.

Likewise, as plead in the Complaint, Defendants intended to implement a "new" Plan document that materially and retroactively changed the Plan's existing terms and prior practice of a single valuation date to the implementation of quarterly valuation dates. *See* Compl. at ¶ 31. Just as the employer in *Cigna* sent a newsletter providing incomplete, and inaccurate descriptions of the effects of the new Plan, Defendants sent participants, including Gissen, a brief "Memo" that stated the language of the Plan needed to be amended to provide for quarterly valuations, but did not provide information as to when this change would take effect or how it would impact employees' benefits, nor did it conform in operation to the specific direction of the sponsor's Board of Directors. *Id.* at ¶¶ 56-59.[9] And despite Gissen's numerous and repeated requests at the time of his distribution for information regarding the purported changes to the Plan, Defendants failed to provide Gissen pertinent information about how his Plan would be valued and his distributions options, stripping Gissen of the opportunity to select a more appropriate time to request distribution. *Id.* at ¶¶ 33-35; 40; 52-53; 68-70; 86-106. Taking the allegations of the

---

[9] Although the Memo was sent with a purported copy of the amended 2009 Summary Plan Description ("SPD"), the SPD does not constitute an effective plan document adequate to change valuation dates. *See Cigna*, 131 S.Ct. at 1878 ("summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B).

11

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131  PHONE (305) 577-3996  FAX (305) 577-3558

CASE NO.: 13-21565-CV-UU

Complaint as true, Defendants' intentional misrepresentations and omissions as to how Gissen's distribution would be valued and the legality of quarterly valuations caused material harm to Gissen independent from his claim for benefits because it denied him the opportunity to make reasoned decisions as his rights to distribution under the Plan, and the timing of those rights. The Defendants actions warrant equitable relief, which as *Cigna* found can come in the form of monetary "make-whole" benefits. *Cigna*, 131 S.Ct. at 1880.

The Supreme Court in *Cigna* emphasized the significance of the different roles occupied by the "plan's sponsor (*e.g.*, the employer)," and the "plan's administrator, a trustee-like fiduciary." *Id.* at 1877 (2011). Although Gissen requested multiple times for clarification as to which party was acting as plan administrator, whether it be the Village or one of the Trustees, Defendants would not provide Gissen a meaningful response. *See* Compl. at ¶ 101; 104-106. Standing alone, Defendants' refusal to inform Gissen of the identity of the acting Plan Administrator impinged on Gissen's ability to properly pursue his claim for benefits to his detriment and expense.

Similar allegations of misrepresentation or failure to inform a plan participant have provided a basis for a breach of fiduciary duty claim. *See Harte v. Bethlehem Steel Corp.*, 214 F.3d 446 (3d Cir.), *cert. denied*, 531 U.S. 1037 (2000) (failure to inform plaintiff of the employer's interpretation of plan so that employee could protect his rights constituted breach of fiduciary duty). *Varity* itself concerned misrepresentations concerning retiree medical benefits. *Varity Corp.*, 516 U.S. 489. Where, as is here, the subject misrepresentations clearly provide a separate basis for equitable relief in the form of claims for breach of fiduciary duty, Gissen should be permitted to plead both alternatively. *See Jones*, 370 F.3d 1065; *accord Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89-90 (2d Cir. 2001) ("The Supreme Court in

12

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

*Varity Corp.* did not eliminate the possibility of a plaintiff successfully asserting a claim under both § 502(a)(1)(B), to enforce the terms of a plan, and § 502(a)(3) for breach of fiduciary duty. . . .Ultimately, we believe that the determination of "appropriate equitable relief" rests with the district court should plaintiffs succeed on both claims.").

To that end, whether the make-whole equitable relief sought by Gissen turns out to be of same or similar monetary value of the amount due under his claim for benefits is irrelevant to Gissen's ability to plead in the alternative. The fiduciary duty claim addresses a separate harm, the opportunity to make an informed decision about his election to benefits, than the claim for benefits, which rests on whether or not the Plan made the correct distribution under the appropriate Plan documents.

By way of example, *Cigna* expressly recognized that the "surcharge" remedy may be particularly appropriate to redress the Plan's breach of fiduciary duties where, like here, plaintiffs were not fully informed of the potential detrimental effect of enrolling in new, less generous benefit plan. *See Cigna*, 131 S.Ct. at 1880. (finding surcharge is an "exclusively equitable" remedy that was extended to provide "relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment.").

Under the equitable theory of surcharge, Defendants would be required to make Gissen whole in the amount he would be entitled to had he known his options under the Plan. *See Gearlds,* 709 F.3d at 450 (5th Cir. 2013) (citing *Cigna*). While this amount may be equal to the $300,623.06 Gissen seeks under his claim for benefits, *see* Compl. [D.E. 1] at ¶ 146,  it could also be a greater or lesser amount had Gissen kept his money in the Plan or, conversely, had the Plan provided him with proper notice about rights by law and when asked, Gissen could have

13

requested his benefit prior to the implementation of the new plan. It is a question of fact as to what Gissen is owed under his separate claim for breach of fiduciary duty. [10] As discussed above, Courts have recognized where there are two discrete harms, an ERISA plaintiff is entitled to plead in the alternative.

Although it may be difficult to determine the financial position Gissen would have been in had he been afforded full and accurate knowledge of the updated Plan terms and their effect, at this stage of the proceedings, Defendants cannot successfully raise this uncertainty as a shield to liability. *See Kenseth,* 2013 WL 2991466 at \*15 (reversing summary judgment and finding a breach of fiduciary duty claim should proceed even though the fiduciary's "actions had the singular effect of making it impossible to place [plaintiff] back in the literal position she would have been in if the breach had not occurred, and also rendered very difficult the proof of viable alternatives." The Seventh Circuit found that, like here, where the plan participant "lost the opportunity" to make an informed decision about his benefits, "courts do not take kindly to arguments by fiduciaries who have breached their obligations that, if they had not done this, everything would have been the same." *Id.* (citing *In re Beck Ind., Inc.,* 605 F.2d 624, 636 (2d Cir. 1979).

### D.    Monetary damages are an appropriate form of equitable relief

Defendants contend that since Gissen seeks relief in the form of monetary payment, he necessarily has an adequate remedy at law. This statement of law is simply no longer true. *See Cigna,* 131 S.Ct. at 1880 ("the fact that this [equitable] relief takes the form of a money payment

---

[10] *Kenseth,* 2013 WL 2991466 at \*11 (noting the remedy of surcharge was available even if not specifically plead in plaintiff's prayer for relief"); *see also 2002 Irrevocable Trust for Richard C. Hvizdak v. Huntington Nat. Bank,* No. 12-14726, 2013 WL 1223474 (11th Cir. Mar. 26, 2013) (finding relief plead in complaint does not need to match prevailing theory of liability).

14

CASE NO.: 13-21565-CV-UU

does not remove it from the category of traditionally equitable relief. Equity courts possessed the power to provide relief in the form of monetary "compensation" for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment); *accord Kenseth,* 2013 WL 2991466 at *13 (Plaintiff "may seek make-whole money damages as an equitable remedy under section 1132(a)(3)"); *McCravy v. Metro. Life Ins. Co.,* 690 F.3d 176, 180 (4th Cir. 2012) (citing *Cigna* and finding a monetary make-whole remedy is available under § 502(a)(3)); *Gearlds v. Entergy Servs., Inc.,* 709 F.3d 448, 451 (5th Cir. 2013) (same).

All the authority cited by Defendants in support of their "remedy at law" argument pre-dated the seminal *Cigna* decision and the Seventh Circuit's recent affirmation of same in *Kenseth. See* Mot. at 6-7. Moreover, *Cigna* specifically distinguished *Mertens v. Hewitt Associates,* 508 U.S. 248 (1993)and *Great-West Life Annuity Insurance Co. Knudson,* 534 Y,S, 204 (2002), both cited by Defendants, because neither mirrored the facts here, namely, a "a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of a plan (which ERISA typically treats as a trust)." *See Cigna,* 131 S.Ct. at 1879-80 ("insofar as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens* [and *Great-West*], is analogous to a trustee makes a critical difference.").

In *Cigna,* the Supreme Court specified certain types of equitable relief, *i.e.* reformation, estoppel, and surcharge, that although ultimately tied to the plan's undervaluation of benefits, were adequate to support a separate claim for breach of fiduciary duty under § 502(a)(1)(3). *Id.* at 1879-1880. In the case at hand, the Defendants' actions in the form of misrepresentations and omissions warrant nearly identical relief to the plaintiffs in *Cigna.* Gissen's short, plain statement that he has no adequate remedy at law, when read in conjunction with the General Allegations of

15

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

the Complaint and specific allegations of Counts I and II is sufficient to overcome a motion to dismiss. *See U.S. Fid. & Guar. Co.,* 485 F. Supp. 2d at 1328 (holding that to survive a motion to dismiss, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."); *see also Iqbal,* 556 U.S. 662 (a plaintiff need only plead facts sufficient to state a plausible basis for the claim).

Although specific equitable remedies will be identified as appropriate as discovery progresses, Gissen was not required to plead a particular remedy, other than a prayer for equitable relief, in his complaint. *See Gearlds,* 709 F.3d at 452 ("Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used."). The Fifth Circuit in *Gearlds* upheld a § 502(a)(3) breach of fiduciary duty claim for monetary damages even though plaintiff "did not expressly plead or argue 'surcharge,'" where "he did argue that he should be made whole in the form of compensation for lost benefits, and his complaint specifically asked for '[a]ny and all other damages and/or relief, equitable or otherwise, to which [he] may be entitled under federal law.'" *Id.* Likewise, Gissen plead ample facts supporting Defendants' misrepresentation and failures, and requested proper equitable relief in the Wherefore clause of both Counts I and II. *See* Complaint [D.E. 1] at 28-29. *See generally Ehlen Floor Covering, Inc. v. Lamb,* 909 F. Supp. 2d 1335, 1348 (M.D. Fla. 2012) (finding at the summary judgment phases that, "[t]he undisputed material facts are not sufficient for the Court to say that all monetary relief sought could not be a form of equitable relief available under § 1332(a)(3)").[11]

---

[11] In an abundance of caution, should this Court find that a specific declaration of equitable relief is necessary, Gissen respectfully requests leave to amend his Complaint. *See H.A.L. v. Flotz,* No. 305-CV-873J-33MMH, 2007 WL 737556 (M.D. Fla. Mar. 7, 2007) (citing *Friedlander v. Nims,*

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131  PHONE (305) 577-3996  FAX (305) 577-3558

CASE NO.: 13-21565-CV-UU

### III.   Gissen Has Standing to Make a Claim for the Omitted Assets and the Claim is Otherwise Proper

Defendants do not challenge that Gissen has standing to assert claims under § 502(a)(1)(B) or § 502(a)(3), only that Gissen does not have standing to make a claim for a trust fund adjustment related to additional assets that the Trustees improperly failed to include in the original distribution because the assets were not discovered until after relevant documents were revealed during the formal claim process. Defendants' theory lacks factual and legal merit.

Gissen terminated his employment with the Village in 2004. *See* Compl. [D.E. 1] at ¶ 20. Gissen did not request distribution of his Plan benefits until December 29, 2008. *Id.* at ¶ 34. After his request, Gissen made repeated requests for information related to his Plan benefits and distribution, most of which were answered in silence or a piecemeal fashion *See id.* at ¶¶ 34; 53-55; 86-106. That Gissen did not learn of Omitted Assets until after his distribution was incorrectly made is of no moment. Construing the allegations of the Complaint in a light most favorable to Gissen, Gissen was owed a nominal trust fund adjustment funds due to the assets inadvertently omitted from the plan's valuation at the time he was an inactive plan participant. *Id.* at ¶¶134-137. Even though this lawsuit arises three years later, Gissen is still a beneficiary upon who ERISA standing is expressly conferred, albeit his distribution was already paid. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1222-23 (11th Cir. 2008) (expressly holding former "employees qualify as participants" that are entitled to sue for "whatever is in the retirement account when the employee retires or *whatever would have been there had the plan honored the employee's entitlement,* which includes an entitlement to prudent management") (emphasis in original).

---

755 F.2d 810, 813 (11th Cir.1985)) ("a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted.").

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

Defendants' cited authority offers no support for their contention that trust fund assets discovered after the Defendants' incorrect distribution of the Plan benefits cannot be included in an adjusted valuation for Gissen's claim. *See McKinnon v. Blue Cross & Blue Shield of Alabama*, 935 F.2d 1187, 1193 (11th Cir. 1991) (Plaintiff had no standing to bring ERISA action to recover benefits under *her father's* benefit plan); *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1524 (11th Cir. 1987) (holding ERISA fiduciaries have no standing to use declaratory judgment actions to determine the benefit rights of participants/beneficiaries). To the contrary, Gissen has standing to make a claim for the omitted assets "because [he] *was* a participant at the time []he suffered the injury for which []he seeks relief." *Kenseth*, 2013 WL 2991466 at *21 (emphasis in original).

Defendants' secondary allegations as to the meaning of the attachments to the Complaint regarding the omitted assets speak to the merits of Gissen's claim and are not ripe for consideration on a motion to dismiss. *See Panopoulos v. Lexington Ins. Co.*, No. 8:13-CV-700-T-33TGW, 2013 WL 2708688 (M.D. Fla. June 12, 2013) ("Importantly, a motion to dismiss is not intended to test the merits of a case; rather such a motion tests if a plaintiff has stated a claim plausible on its face."). Taking the allegations of Gissen's Complaint as true, there were certain trust fund assets held by Florida and California that the Plan should have considered in its valuation of Gissen's Plan benefits. Compl. at ¶¶ 134-137. The Defendants one-sided allegation that the Plan had "no record" of such assets is not a proper legal argument that defeats, or rightfully challenges, Gissen's claim at the motion to dismiss stage. Defendants' challenge to the Omitted Assets claims must fail.

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO.: 13-21565-CV-UU

IV.     **Defendants Improperly Challenge Plaintiff's Well-Pled Facts in the Introduction**

The "facts" set forth in Defendants' introduction are improper and may not be considered. "In deciding a motion to dismiss, the Court's analysis is limited to the four corners of the plaintiff's complaint and the attached exhibits." *Cabrera v. 27 of Miami Corp.*, No. 09-20170-CIV, 2009 WL 2076095 (S.D. Fla. July 13, 2009).   Defendants argue additional facts, introduce "additional" Plan documents that are not attached to the Complaint, misstate Gissen's position, and raise irrelevant information about the economic downturn. *See* Mot. 1-4.

WHEREFORE, Plaintiff, Mathew Gissen, respectfully requests that this Court deny Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint and Claim for Omitted Assets, and grant him such further relief as the Court deems just, proper and equitable.

Respectfully submitted,

**VER PLOEG & LUMPKIN, P.A.**
*Counsel for Matthew Gissen*
100 S.E. Second Street, 30th Floor
Miami, FL 33131
Tel: (305) 577-3996
Fax: (305) 577-3558


By:   /s/ Mallory L. Gold
        **EILEEN L. PARSONS**
        Florida Bar No. 765716
        eparsons@vpl-law.com
        **MALLORY L. GOLD, ESQ.**
        Florida Bar No. 92405
        mgold@vpl-law.com

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131  PHONE (305) 577-3996  FAX (305) 577-3558

CASE NO.: 13-21565-CV-UU

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing and via US Mail to counsel in the attached Service List.

By: /s/ Mallory L. Gold
**Mallory L. Gold, Esq.**
Florida Bar No. 92405

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558

CASE NO.: 13-21565-CV-UU

**SERVICE LIST**
CASE NO.: 13-21565-CV-UU

Irene Bassel Frick, Esq.
Akerman Senterfitt
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Tel: 813.223-7333
Fax: 813.223.2837
irene.bassel@akerman.com

and

Stephanie Segalini
Akerman Senterfitt
420 S. Orange Avenue, Suite 1200
Orlando, FL 32801-4904
Tel: 407-423-4000
Fax: 407-843-6610
Email: Stephanie.segalini@akerman.com

*Attorneys for Defendants*

21

203404_1

VER PLOEG & LUMPKIN, P.A., 100 S.E. SECOND STREET, THIRTIETH FLOOR, MIAMI, FLORIDA 33131   PHONE (305) 577-3996   FAX (305) 577-3558